FILED
United States Court of Appeals
Tenth Circuit

October 21, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN GARCIA,

    Defendant - Appellant.

No. 20-5071
(D.C. Nos. 4:20-CV-00042-GKF-FHM &
4:17-CR-00021-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Juan Garcia, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's order denying his Motion to

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the following

reasons, we deny Sanchez's request for a COA and dismiss this matter.

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Garcia appears pro se, we liberally construe his pleadings but will not
act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

# BACKGROUND

### I.    Factual Background

While investigating Antonio Martinez—a suspected drug dealer—Drug Enforcement Administration (DEA) officers learned that a vehicle would be transporting methamphetamine from Oklahoma City to Tulsa on January 26, 2017. After locating the vehicle, a Chevrolet Cruze, Oklahoma police observed the car pull into a Phillips 66 gas station in Oklahoma City. The driver of the Cruze got out of the car and walked over to a parked pickup truck, opened the passenger-side door, and then returned to the Cruze. Police followed as both cars left the gas station and traveled to Tulsa, the truck following the Cruze.

Once the Cruze and the truck arrived in Tulsa, Tulsa police officers stopped each vehicle separately. A drug dog alerted to the Cruze, and officers searched the car; they found a cardboard box containing three pounds of methamphetamine. The officers then arrested the driver, Gustavo Flores, and his passenger. Both men said they had received the drugs from the men in the truck, who were traveling with them to ensure the drug deal was completed.

The same drug dog alerted to the truck at the front passenger-side door where defendant Garcia had been sitting. The officers arrested both Garcia and the driver of the truck, Roberto Dominguez. An officer searched Garcia and found several "wads of cash" totaling nearly $20,000, a wallet, and a cell phone. App. vol. 1 at 794. Garcia explained he was en route to Tulsa to buy a car with the cash he had.

Because he didn't speak or understand English, the officers didn't interview Dominguez. Federal authorities initially brought charges against Dominguez but later dropped them. Dominguez was eventually deported without ever having been interviewed by law enforcement or Garcia's attorney.

At trial, Flores testified that "Shorty" (Garcia's nickname) gave him the three pounds of methamphetamine found in the Cruze that the Tulsa police ultimately seized. *Id.* at 795. Flores told the jury that Garcia had arranged for them to meet at the Phillips 66 and that, when Flores went to the truck, Garcia pointed to the box containing the drugs and said, "it was there." *Id.* Flores further testified that, beginning in November 2016, Garcia had on several occasions supplied him with drugs to distribute. Trial testimony from Martinez and several text message exchanges supported Flores's testimony.

Garcia testified that he was not involved in drug trafficking. He explained he had gone to Tulsa to buy a Dodge Viper from a man named Bryan Smith. Although the court admitted text messages between Garcia and Smith about the possible sale of the car, Smith didn't testify at the trial.

## II.    Procedural History

In August 2017, a jury convicted Garcia of participating in a methamphetamine-distribution conspiracy. The district court sentenced him to 170 months' imprisonment. Garcia appealed both his conviction and sentence, but this court affirmed on both grounds.

He then filed the present § 2255 Motion, arguing that he was denied his Sixth Amendment right to effective assistance of counsel. Because the district court concluded that Garcia had failed to establish that any allegedly deficient performance by his counsel prejudiced his defense, it denied the Motion and denied a COA. Garcia now seeks a COA to challenge the denial of his § 2255 Motion.

**DISCUSSION**

Under 28 U.S.C. § 2253(c)(1)(A), Sanchez may appeal the district court's decision only if we issue a COA. To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court rejected the constitutional claims on the merits, "the showing required . . . is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We conclude the district court correctly decided Garcia's Motion.

Garcia argues that he was denied his Sixth Amendment right to effective assistance of counsel. Specifically, Garcia maintains that his attorney's failure to subpoena and interview Roberto Dominguez and Bryan Smith prejudiced his defense. Because those two witnesses allegedly would have corroborated Garcia's claim that he was travelling to Tulsa to buy a Dodge Viper, Garcia asserts that their combined

4

testimony would have raised serious doubts in the jurors' minds about his guilt.[2] We disagree.

The Sixth Amendment guarantees a criminal defendant "the right . . . to have Assistance of Counsel for his defense." U.S. Const. amend. VI. To prevail on a claim for ineffective-assistance-of-counsel, Garcia must satisfy a two-prong test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* He may do this by showing that, "but for counsel's deficient performance, there is a reasonable probability the result of the proceeding would have been different." *Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016) (citing *Strickland*, 466 U.S. at 694). Garcia must satisfy both prongs to succeed on his claim, and we may begin with either prong. *Hooks v. Workman*, 689 F.3d 1148, 1186 (10th Cir. 2012). We first consider the "prejudice" prong.

---

[2] Garcia also faults his attorney for not adequately "attacking the credibility of Martinez's and Flores' testimony." Opening Br. 3. For example, Garcia argues effective counsel would have highlighted that Martinez and Flores are cousins, they were part of the "Martinez Organization," and that Martinez was the DEA's main target. *Id.* But Garcia raises this argument for the first time on appeal. Finding no reason "to deviate from the general rule that we do not address arguments presented for the first time on appeal," *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) (citation omitted), we decline to consider these arguments.

5

Garcia's argument is simple: the result of the proceeding would have been different if his attorney had secured Dominguez's and Smith's testimony at trial. They allegedly would have testified that Garcia was traveling to Tulsa to buy a Dodge Viper, corroborating Garcia's version of events. But even accepting that Dominguez and Smith would have testified accordingly,[3] Garcia's argument fails for at least two reasons. First, the court allowed Garcia to introduce text messages he exchanged with Smith that supported Garcia's explanation for his trip to Tulsa. So additional testimony supporting his claim would likely have had little impact on the jury. Second, even if the jury believed that part of Garcia's reason for going to Tulsa was to buy the Dodge Viper, it could easily have concluded that the car purchase was *in addition to* Garcia's drug-trafficking plans. Indeed, that's exactly what the government argued to the jury.

Moreover, in considering Garcia's prior appeal, this court determined that "the evidence that Garcia distributed methamphetamine was overwhelming." *United States v. Garcia*, 761 F. App'x 815, 819 (10th Cir. 2019). We cited, among other things, Flores's and Martinez's testimony that Garcia regularly supplied them with methamphetamine to distribute, including the day Garcia was arrested; text messages between Flores and Garcia discussing drug-distribution logistics, one of which contained a picture of drugs; the drug dog's alert to the area of the truck where

---

[3] Garcia included with his § 2255 Motion an affidavit from Dominguez, "verify[ing] that [he] was taking [Garcia] to purchase a vehicle (Dodge Viper) on January 26, 2017 in Tulsa, Oklahoma." App. vol. 1 at 705.

Garcia had been sitting; video surveillance corroborating the witnesses' testimony; and other evidence on Garcia's phone. *See id.*

In sum, additional testimony that Garcia was going to Tulsa to buy a car would have had little impact on jurors. And the incriminating evidence was extensive. We therefore hold that Garcia has failed to show that "but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *Duckworth*, 824 F.3d at 1249 (citing *Strickland*, 466 U.S. at 694). Because Garcia cannot show his attorney's performance prejudiced his defense, we decline to consider whether his counsel performed deficiently.

## CONCLUSION

For the foregoing reasons, we conclude reasonable jurists wouldn't find the district court's assessment of the constitutional claims debatable or wrong. Accordingly, we **DENY** Sanchez's request for a COA and **DISMISS** this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge